# UNITED STATES DISTRICT COURT

for

# EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION

**U.S.A. vs. Nathan Douglas Hounshell**　　　　　　　　　　　　　　　　　**Docket No. 7:04-CR-109-1F**

## Petition for Action on Supervised Release

　　　　COMES NOW Djoni B. Barrett, probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Nathan Douglas Hounshell, who, upon an earlier plea of guilty to Conspiracy to Distribute and to Possess With Intent to Distribute More Than 5 Grams of Cocaine Base (Crack) and a Quantity of Cocaine, in violation of 21 U.S.C. § 846, and Carried a Firearm During and in Relation to a Drug Trafficking Crime and Possess Said Firearm in Furtherance of Such Drug Trafficking Crime, in violation of 18 U.S.C. § 924(a)(1), was sentenced by the Honorable James C. Fox, Senior U.S. District Judge, on April 12, 2005, to the custody of the Bureau of Prisons for a term of 96 months (36 months for Count 1; 60 months for Count 2 to run consecutive). It was further ordered that upon release from imprisonment the defendant be placed on supervised release for 60 months under the standard conditions adopted by the court and the following additional conditions:

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2. The defendant shall participate in a program of mental health treatment, as directed by the probation office.

3. The defendant shall consent to a warrantless search by a United States Probation Officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

4. The defendant shall participate in such vocational training program as may be directed by the probation office.

5. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

6. The defendant shall pay a special assessment of $200.00.

　　　　On October 29, 2008, the term of imprisonment was reduced in Count 1 to 29 months pursuant to 18 U.S.C. § 3582(c)(2).

　　　　Nathan Douglas Hounshell was released from custody on May 3, 2011, at which time the term of supervised release commenced.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

On September 18, 2012, while conducting a routine criminal records check, the probation officer discovered the defendant was charged on September 16, 2012, with Driving While Impaired, Reckless Driving to Endanger, and Hit/Run Leave Scene Property Damage in Jacksonville, North Carolina. According to Officer Gary Manning, Jacksonville Police Department, on September 16, 2012, he responded to a call regarding a man who had wrecked his vehicle and was in the parking lot of Liberty Crossing Complex, yelling incoherently and damaging vehicles. At 12:50 a.m., Officer Manning observed the defendant punching the rear windows of his wrecked SUV vehicle with both fists. Officer Manning ordered the defendant to stop punching the vehicle, however, the defendant ignored the officer's command. Officer Manning deployed his tazer twice to bring the defendant into compliance with his orders. The investigating officers determined that the defendant was disoriented and under the influence of an impairing substance. Additionally, it was determined that Hounshell had initially struck a light pole with his vehicle and fled the scene on foot. Further investigation revealed the defendant had damaged the glass door to Pizza Hut located on Gum Branch Road by punching the glass door of the business. The state charges are pending disposition in Onslow County.

The defendant failed to report contact with law enforcement to the probation officer as required. On September 26, 2012, the defendant reported the new charges on his monthly supervision report.

On October 4, 2012, the defendant reported to the probation office as instructed. The defendant admitted to the probation officer that during the last month he has been smoking Spice. The defendant admits to hitting the light pole with his vehicle and fleeing the scene. The defendant does not recall beating on his vehicle's windows or failing to obey the officer's orders. The defendant does remember being tazed.

The defendant has been on supervised release since May 3, 2011. The defendant has successfully participated in the Surprise Urinalysis Program (SUP) with negative results for illegal substances. He was referred to our contract vendor, Palm Wellness Center of Jacksonville, to obtain a substance abuse assessment. The initial assessment recommended no substance abuse treatment unless the defendant tested positive for illegal substances. As verified by the probation officer, the defendant was attending mental health treatment at Carolina Psychological Health Services (CPHS) of Jacksonville. During the October 4, 2012, conversation with the probation officer the defendant admitted he had not been attending treatment at CPHS on a consistent basis. As a result, the probation officer has referred the defendant to our contract vendor, Coastal Carolina Neuropsychiatric Center of Jacksonville, for mental health treatment.

The probation officer is recommending supervision continue with imposition of 120 days electronic monitoring to address the violations of supervision. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

Nathan Douglas Hounshell
Docket No. 7:04-CR-109-1F
Petition For Action
Page 3

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 120 consecutive days. The defendant shall be restricted to his residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer.

Except as herein modified, the judgment shall remain in full force and effect.

| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| /s/ Dwayne K. Benfield<br>Dwayne K. Benfield<br>Supervising U.S. Probation Officer | /s/ Djoni B. Barrett<br>Djoni B. Barrett<br>U.S. Probation Officer<br>200 Williamsburg Pkwy, Unit 2<br>Jacksonville, NC 28546-6762<br>Phone: 910-347-9038<br>Executed On: October 11, 2012 |

### ORDER OF COURT

Considered and ordered this 11th day of October, 2012, and ordered filed and made a part of the records in the above case.

James C. Fox
Senior U.S. District Judge